**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 98-6220

ERIC ARTHUR WALTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-21)

Submitted: April 28, 1998

Decided: May 19, 1998

Before WIDENER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay Thornton McCamic, MCCAMIC & MCCAMIC, Wheeling, West
Virginia, for Appellant. Paul Thomas Camilletti, OFFICE OF THE
UNITED STATES ATTORNEY, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Walton appeals the district court order denying his motion for a new trial based on newly discovered evidence. Walton was convicted of drug charges in 1994. During his trial he and another individual attempted to bribe one of the jurors. The improper contact resulted in Walton's 1997 conviction for jury tampering. Walton now alleges that during the course of his jury tampering trial he learned new information about the activities of the jury that convicted him in his 1994 trial. Because we find that Walton fails to show that this new information calls into question the actual fairness of his trial, we affirm.

A district court's denial of a motion for a new trial will not be set aside absent an abuse of discretion. See United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). Generally, a defendant seeking a new trial based on newly discovered evidence must show that the evidence is such that, on a new trial, it would probably produce an acquittal. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (citing United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987)). While we recognize that the type of newly discovered evidence Walton has uncovered does not fit squarely with this requirement, see United States v. Smith, 62 F.3d 641, 650 (4th Cir. 1995), we find that Walton still must make a showing that the "newly discovered evidence" undermined the integrity and reliability of his conviction. See United States v. Endicott, 869 F.2d 452, 457 (9th Cir. 1989) (requiring defendant to establish actual prejudice resulting from an improper juror contact in order to receive a new trial). Due to the overwhelming evidence of Walton's guilt at his 1994 trial we find that Walton has failed to make such a showing.

Accordingly, we affirm the district court's order denying his motion for a new trial. We dispense with oral argument because the

2

facts and legal contentions are adequately presented in the materials
before the court and argument would not aid the decisional process.

AFFIRMED

3